**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-20298
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

WARREN DEAN CORNETT,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-95-0265-2

March 31, 1999

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

A jury convicted Warren Dean Cornett of conspiracy to possess with the intent to distibute cocaine and cocaine base, and of two counts of aiding and abetting the possession with the intent to distribute cocaine and cocaine base. The district court sentenced Cornett to three concurrent life sentences, 10 years of supervised release, and ordered him to pay a $1000 fine. Cornett now appeals, contending that the evidence was not sufficient to support his convictions. We affirm.

Because he failed to move for a judgment of acquittal at the close of all the evidence, we

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review Cornett's challenge for a "manifest miscarriage of justice".[2] "A manifest miscarriage of justice is present if the record is devoid of evidence pointing to guilt."[3] We "consider the evidence, and all reasonable inferences that may be drawn from that evidence, in the light most favorable to the government."[4]

Cornett first argues that the evidence was insufficient to support his conspiracy conviction. "The jury may infer a conspiracy agreement from circumstantial evidence, and may rely upon presence and association, along with other evidence, in finding that a conspiracy existed."[5] Our review of the record leads us to the conclusion that there was evidence presented by the government that supported Cornett's involvement in the drug conspiracy. Considering the evidence in the light most favorable to the government, it cannot be said that "the record is devoid of evidence pointing to guilt."[6] Cornett's argument is therefore without merit.

Cornett also contends that the evidence was insufficient to support the aiding and abetting convictions because these convictions were based on the uncorroborated testimony of an unindicted coconspirator who testified for the purpose of getting his own sentence reduced. "[A] guilty verdict may be sustained if supported only by the uncorroborated testimony of a coconspirator, even if the witness is interested due to a plea bargain or promise of leniency, unless the testimony is incredible or insubstantial on its face."[7] Because Cornett does not contend that the coconspirator's testimony is incredible or insubstantial, his contention lacks merit.

Finally, Cornett contends that the evidence was insufficient to support his conviction on one of the aiding and abetting counts because the government did not prove that he personally possessed the cocaine involved. In his brief, Cornett makes no argument and cites to no authority

---

[2]  *See United States v. Johnson*, 87 F.3d 133, 136 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 1482 (1997).

[3]  *Id.* (citation and internal quotation marks omitted).

[4]  *Id.*

[5]  *United States v. Robles-Pantoja*, 887 F.2d 1250, 1254 (5th Cir. 1989).

[6]  *Johnson*, 87 F.3d at 136 (citation and internal quotation marks omitted).

[7]  *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994).

in support of this contention.  Because "[a] defendant may be convicted of aiding and abetting the offense of possession with intent to distribute a controlled substance even if he did not have actual or constructive possession of the substance"[8], Cornett's argument on this point is without merit.

For the foregoing reasons, Cornett has failed to establish a "manifest miscarriage of justice".[9]  Accordingly, we affirm.

AFFIRMED.

---

[8]    *United States v. Gonzales*, 121 F.3d 928, 936 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 726, 1084 (1998).

[9]    *See Johnson*, 87 F.3d at 136.